In the Matter of the Petition of HENRY C. SOOP, as Agent and Attorney of the Estate of THOMAS CORNELL, Appellant, *v.* WEBSTER H. BURHANS, Respondent.

APPEAL — FINAL ORDER OF COUNTY COURT IN SUMMARY PROCEEDING INSTITUTED IN JUSTICE'S COURT APPEALABLE TO APPELLATE DIVISION. Section 2260 of the Code of Civil Procedure confers the same right of appeal from a final order in a summary proceeding instituted in a Justice's or other inferior local court as from a judgment of a Justice's Court, and, therefore, the dismissal as unauthorized of an appeal to the Appellate Division from an order of the County Court reversing a final order in a summary proceeding instituted before a justice of the City Court of Kingston is erroneous. Section 1357 of the Code of Civil Procedure, governing appeals generally in special proceedings and giving a right to appeal to the Appellate Division from orders affecting substantial rights made in special proceedings arising only in courts of record, contains nothing which forbids such an appeal, for, though it confers a right in such cases generally, it does not prohibit the right to appeal in other cases specially provided for.

*Matter of Soop* v. *Burhans*, 106 App. Div. 341, reversed.

(Argued November 21, 1905; decided December 5, 1905.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered July 7, 1905, which dismissed an appeal from an order of the Ulster County Court reversing an order of the City Court of Kingston awarding the petitioner possession of certain real property.

This is a summary proceeding to recover the possession of certain real estate situated in the city of Kingston. It was instituted in the City Court of Kingston by the appellant and petitioner Soop, as agent and attorney of the estate of Thomas Cornell, deceased, to oust the respondent Burhans from the possession of such real property after the expiration of a lease thereof executed in January, 1904. The issues were tried before a jury which rendered a verdict in favor of the petitioner and a final order awarding him possession of the premises was entered thereon. From this order an appeal was taken to the Ulster County Court where it was reversed. A further appeal was then taken to the Appellate Division of the Supreme Court, but the appeal was there dismissed. That court has allowed an appeal to this court from its order dismissing the appeal, and has certified the following question : "Is the right to appeal to the Appellate Division of the Supreme Court given in a summary proceeding to recover possession of real property from an order of the County Court made upon an appeal from and reversing, with costs, a final order in a proceeding instituted before a justice of the peace of the City Court of Kingston?"

*H. H. Flemming* for appellant. The act of 1849 (Chap. 193, § 5, subd. 2) specifically provides that the decision of the County Court upon affirmance or reversal shall be final, whereas the act of 1868 (Chap. 828, § 2260 of the Code), following closely the act of 1849, does not contain the words "and be final," the effect of which is to permit of an appeal from the decision of the County Court to the Appellate Division of the Supreme Court. ( *Warner* v. *Henderson*, 25 Hun, 303.) The procedure is the same as on an appeal from a judg-

ment. (Code Civ. Pro. § 3045; *Warner* v. *Henderson*, 25 Hun, 303; *Everall* v. *Lossen*, 7 Civ. Pro. Rep. 112; *Moench* v. *Young*, 18 Civ. Pro. Rep. 259; *Shaw* v. *McCarty*, 2 Civ. Pro. Rep. 23; *Brown* v. *Cassidy*, 34 Hun, 55; *Lewis* v. *Hoffman*, 5 Civ. Pro. Rep. 141; *Matter of Rafferty*, 14 App. Div. 55.) Two appeals, as a matter of right, are not inconsistent with the evident intent of the statute, to the effect that the proceeding should not only be summary in name but in nature. (Code Civ. Pro. §§ 2261, 2262.)

*John D. Eckert* for respondent. The Appellate Division was right in dismissing the appeal. (*E. R. R. Co.* v. *Steward*, 59 App. Div. 190.) In summary proceedings there lies but one appeal; when instituted in a court of record, or before a judge thereof, an appeal lies to the Appellate Division; when instituted in a court not of record, an appeal lies to the County Court; and in either case the decision, upon the appeal from the trial court, is final, except as provided by section 2261 of the Code of Civil Procedure. (3 McAdam's Landl. & Tenant [3d ed.], 320; 1 Dugan's Law & Pr. 230; *Schneider* v. *Leitzman*, 57 Hun, 562; *Tolman* v. *Heading*, 11 App. Div. 266; *Matter of Rafferty*, 14 App. Div. 57.)

WERNER, J. We think the answer to the question propounded by the court below is to be found in the provisions of section 2260 of the Code of Civil Procedure. That section provides: "An appeal may be taken from a final order, made as prescribed in this title, to the same court, within the same time, and in the same manner, as where an appeal is taken from a judgment rendered in the court, of which the judge or justice is the presiding officer  *  .  *   *; except as otherwise prescribed in the next two sections."

The title of the Code in which this section is found relates exclusively to summary proceedings to recover possession of real property. (Ch. 17, tit. 2, §§ 2231–2265.) Section 2234 of that title, so far as material, provides that the application may be made either to the county judge or Justices' Court, to which latter court the City Court of Kingston corresponds

in this respect. This proceeding having been instituted in that court, we shall treat it in this opinion as if it had been commenced in Justices' Court. We must look for some statute governing appeals from that court in proceedings of this nature. We think section 2260, above quoted, is clearly applicable. It gives the right of appeal in the same manner and to the same court as from an ordinary judgment of such Justices' Court. By the plain terms of section 3405 of the Code, the appeal from such a judgment is to the County Court. Thus we have a provision for an appeal to the County Court in this proceeding. So far the matter is plain.

But we must go further and see what provision, if any, is made for a further appeal to the Appellate Division. If this were an appeal from a judgment of the Justices' Court affirmed or reversed by the County Court, there would clearly be a right of appeal under section 1340. But this is not a judgment. It is a final order in a special proceeding. If the proceeding had been instituted in the County Court, as it might have been, an appeal to the Appellate Division would be authorized by section 1357, as the County Court is a court of record, and the section cited authorizes such appeals in proceedings instituted in a court of record. Since there was no necessity for providing for an appeal by section 2260 in a proceeding instituted in the County Court, the unmistakable inference is that the right to appeal conferred by section 2260, so far as appeals to the Appellate Division are concerned, was intended to relate to appeals in proceedings instituted in Justices' Courts and other inferior local courts.

That this was the purpose of the legislature in the enactment of section 2260 is very forcibly illustrated by the succeeding section (section 2261), which seems to contemplate the right to a second appeal to the Appellate Division of the Supreme Court in summary proceedings instituted in Justices' Courts. Section 2261 provides, in substance, that an appeal cannot be taken to the Court of Appeals " upon such an appeal " unless the Appellate Division shall allow the same. If section 2260 relates to appeals to the Appellate Division in

summary proceedings instituted in Justices' Courts and other inferior local courts, as we think it does, the words " such an appeal," contained in section 2261, used in connection with the allowance of an appeal to this court from the decision of the Appellate Division, quite plainly fortify the conclusion that it was the legislative intent to permit an appeal in such a proceeding to the Appellate Division. This was the substance of section 2261 as applied to the old General Terms, and when the Code was amended in 1895 (Ch. 646) to carry out the provisions of the Constitution of 1894, this section was amended by substituting the Appellate Division for the General Term. Under section 191, subdivision 1, relating to the jurisdiction of this court, no order or judgment made in an action or proceeding arising in Justices' Courts can be reviewed here without an allowance, and the language of section 2261 discloses an attempt to assimilate the practice in summary proceedings to that which is provided for appeals from judgments in Justices' Courts.

As we have seen, section 2260 confers the same right of appeal from a final order in a summary proceeding as from a judgment of the Justice's Court. Such an appeal must be taken first to the County Court and then to the Appellate Division. To hold that this section does not apply to final orders in special proceedings instituted in Justices' Courts would require a narrow and arbitrary construction of the language of that section. There seems to be no good reason, moreover, why the right to appeal should be thus limited in summary proceedings, that is not equally applicable in other cases arising in Justices' Courts. That the right to appeal in summary proceedings is not now to be regarded as thus limited, is further borne out by the history of the section in question. The proceedings for review of decisions of Justices' Courts in such proceedings were formerly governed by the Revised Statutes (Part 3, tit. 2, § 52; 2 Edmonds, 534), which provided that: " The proceedings before such justice may be removed by appeal to the county court of the county, in the same manner, and with like effect, and upon like security, as

appeals from the judgment of justices of the peace in civil actions, except that the decision of such county judge shall be an affirmance or reversal of such judgment, and be final." When the Code of Civil Procedure was enacted in 1880 the section quoted was adopted after expunging the words importing finality in the County Court, and since then the section has remained in substantially the present form. The omission of these words of finality is significant, if not conclusive. It was done, as was explained by Mr. Throop in his notes to that section, in order to assimilate the proceedings to those which obtain in all other cases where the decisions of the same officers are reviewed. ( *Warner* v. *Henderson,* 25 Hun, 303 ; *Shaw* v. *McCarty,* 2 Civ. Pro. Rep. 23.)

Section 1357 of the Code, to which reference was made upon the argument, does not seem to conflict with this view. That section, it is true, gives a right of appeal to the Appellate Division from orders affecting substantial rights made in special proceedings arising only in courts of record. But under our construction of section 2260, which, as we have seen, relates to summary proceedings in Justices' Courts to recover possession of real property, a right of appeal is given to the Appellate Division in such proceedings, and section 1357, governing appeals generally in special proceedings, contains nothing which forbids such an appeal. It confers a right in such cases generally, but does not prohibit the right to appeal in other cases specially provided for. Under familiar rules these two provisions should be construed so as to harmonize with each other, and so as to give effect to both. (*In re Smith* v. *Bd. of Supervisors,* 148 N. Y. 187, 193 ; *People ex rel. Balcom* v. *Mosher,* 163 id. 32, 36.)

The order of the Appellate Division dismissing the appeal should be reversed, the question certified answered in the affirmative, and the proceeding remitted to the Appellate Division for hearing on the merits, with costs to abide the event.

CULLEN, Ch. J., GRAY, O'BRIEN, BARTLETT, HAIGHT and VANN, JJ., concur.

Order reversed.